IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01674-BNB

RONALD LEE SMITH,

    Applicant,

v.

SUSAN JONES, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 26 2011

GREGORY C. LANGHAM
                    CLERK

---

ORDER OF DISMISSAL

---

Applicant Ronald Lee Smith is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Canon City, Colorado. Mr. Smith has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court convictions in Denver District Court case numbers 91-CR-579 and 91-CR-580. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Mr. Smith previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of the same state court convictions. *See Smith v. Reid, et al.*, No. 06-cv-01117-ZLW (D. Colo. June 21, 2006); *Smith v. Reid*, No. 02-cv-02033-ZLW (D. Colo. Dec. 27, 2002), *appeal dismissed*, No. 09-1016 (10th Cir. May 16), *cert. denied*, 540 U.S. 959 (2003). Case number 02-cv-02033-ZLW was dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Mr. Smith's subsequent case, No. 06-cv-01117-ZLW, was therefore dismissed as a second

or successive application. Accordingly, the Court finds that the instant application is also a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Smith must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id*. at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Smith does not allege that he has obtained the necessary authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re*

*Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. Smith's claims in the instant action are not based on a new rule of constitutional law as required pursuant to § 2244(b)(2). Mr. Smith asserts that there is "new evidence which exonerates [him]" that was never presented to the trial judge or jury. Application at 5. He asserts this newly discovered evidence includes his "DNA test results as ordered from police affidavit . . . ." *Id.* However, these allegations do not appear to be based on a "factual predicate" which could not have been discovered earlier through the "exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B). Indeed, in the action filed by Mr. Smith in 2006, No. 06-cv-01117-ZLW, Mr. Smith likewise asserted that there were "forensic and medical records; DNA all not seen by trial judge or jury" that would exonerate him. It is not clear how this "newly discovered" DNA evidence differs from the "newly discovered" DNA evidence that Mr. Smith revealed in 2006. Moreover, his allegations here are not "sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Mr. Smith] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Further, given that Mr. Smith's prior habeas corpus application was dismissed as time-barred, it appears that his claims challenging the same convictions in this action also are time-barred. It also was clear when the instant action was filed that this Court

3

lacks jurisdiction over Mr. Smith's claims challenging the validity of his convictions in Denver District Court case numbers 91-CR-579 and 91-CR-580. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  26th   day of     July        , 2011.

BY THE COURT:


    s/Lewis T. Babcock
    LEWIS T. BABCOCK, Senior Judge
    United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv01674-BNB

Ronald Lee Smith
Prisoner No. 44371
Centennial Correctional Facility
PO Box 600
Cañon City, CO 81215

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on July 26, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk